**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

Case No.: 5:21-cv-00941
_____

SAN MARCOS GREEN
INVESTORS, LLC, ELEVATE
MULTIFAMILY, DEBORAH
JONES, AND THOMAS STUEBING

        *Plaintiffs,*

v.

THE DEPARTMENT OF JUSTICE
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES,

        *Defendant.*
_____/

## PLAINTIFFS' ORIGINAL COMPLAINT FOR JUDICIAL REVIEW

1.     Plaintiffs San Marcos Green Investors, LLC, Elevate Multifamily, Deborah Jones, and Thomas Stuebing bring this action against the Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") under the Administrative Procedure Act, and allege as follows:

### I. NATURE OF THIS ACTION

2.     This is an action for declaratory judgment and relief from final agency action under the Administrative Procedures Act, 5 U.S.C. § 701 et. seq. As alleged in detail below, Plaintiffs seek an order from this Court compelling ATF to produce or make available for inspection certain documents and physical evidence solely in the possession of ATF relating to a fire at the Iconic Village Apartments (the "Iconic Village") in San Marcos, Texas on July 20, 2018 (referred to in this Complaint as the "Iconic Village Fire"). Plaintiffs require access to these materials to

adequately defend claims against them in the litigation arising out of the Iconic Village Fire pending in the District Court of Travis County, Texas, Cause No. D-1-GN-18-003866 (referred to in this Complaint as the "Iconic Village Litigation"). Plaintiffs have attempted without success to obtain this information pursuant to *Touhy* requests under federal regulations 28 C.F.R. §§ 16.21 – 16.29 and via a Subpoena Duces Tecum served on the ATF. Plaintiffs are entitled to these materials under the relevant federal regulations, but ATF has refused to turn over or make available for inspection any documents or other evidence. This refusal is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

## II. PARTIES

3.      Plaintiff San Marcos Green Investors, LLC ("SMGI") is a Texas limited liability company with a principal place of business in Chicago, IL. SMGI is a defendant in the Iconic Village Litigation.

4.      Plaintiff Elevate Multifamily, LLC ("Elevate") is a Texas limited liability company with a principal place of business in Boston, MA.  Elevate is a defendant in the Iconic Village Litigation.

5.      Plaintiff Deborah Jones is an individual and a Texas resident who resides in Travis County, Texas.  Deborah Jones is a defendant in the Iconic Village Litigation.

6.      Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") is an agency of the United States Department of Justice. Following the Iconic Village Fire, ATF, for law enforcement purposes, took charge of the investigation of the fire, collected evidence, and conducted an investigation. ATF is the only known source for some of the most relevant evidence involved in the Iconic Village Litigation. Important documents, witness statements and other evidence (including physical evidence such as fire recreation) removed or collected by ATF is not

available through any other source, and Plaintiffs' only option for access to this evidence is through

ATF. ATF may be served through the U.S. Attorney for the Western District of Texas, Ashley

Chapman Hoff, U.S. Attorney's Office, 601 NW Loop 410, Suite 600 San Antonio, Texas 78216.

### III. AGENCY AND RESPONDEAT SUPERIOR

7.      Whenever in this Complaint it is alleged that ATF or its agents, officers, servants,

employees or representatives did any act or thing, it is meant that it was done with the full

authorization or ratification of ATF or done in the normal, routine course and scope of the agency

or employment of ATF or its agents, officers, servants, employees, or representatives.

### IV. JURISDICTION AND VENUE

8.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and the

Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.*, which authorizes the Court to hold unlawful

and set aside final ATF actions that are arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law, including the agency's unwarranted refusal to permit discovery that

has been requested in accordance with the "*Touhy* regulations" set forth at 28 C.F.R. §§ 16.21 *et.

seq*.

9.      This Court can grant declaratory and injunctive relief under 28 U.S.C. §§ 2201-

2202 and 5 U.S.C. §§ 701-706.

10.     An actual, justiciable controversy now exists between Plaintiffs and Defendant, and

the requested relief is therefore proper under 28 U.S.C. §§ 2201-2202 and 5 U.S.C. §§ 701 – 706.

11.     Venue properly lies in this judicial district under 28 U.S.C. § 1391 because a

substantial part of the events or omissions giving rise to the claims herein occurred within this

judicial district. ATF's investigation of the Iconic Village Fire occurred within this judicial district,

and the current lawsuit against Plaintiffs in the Iconic Village Litigation is pending in the state court of this judicial district.

12.     The Federal government has waived sovereign immunity in this action pursuant to 5 U.S.C. § 702.

### V. FACTUAL BACKGROUND

**A.     The Iconic Village Fire and Litigation**

13.     On July 20, 2018, there was a tragic fire at the Iconic Village Apartments in San Marcos, Texas.  The Plaintiffs in the Iconic Village Litigation are 15 individuals (including one intervenor) who resided at the Iconic Village Apartments on July 20, 2018.  The Plaintiffs allege that the Defendants in the Iconic Village Litigation owned and/or managed the Iconic Village Apartments and "were responsible for the safety of the residents at the apartment complex."  The operative petition in the Iconic Village Litigation alleges that "the Defendants failed to implement adequate fire protection measures at the apartment complex and as a result, "more than two hundred (200) people were displaced, multiple victims were hospitalized, and five (5) people were killed."

14.     Following the Iconic Village Fire, the claimants in the Iconic Village Litigation filed their original petition.  Shortly thereafter, on August 29, 2018, the Plaintiffs herein issued a Deposition on Written Questions and Subpoena Duces Tecum to the ATF requesting the following:

> Any and all records regarding the response, investigation and results of the Fire at Iconic Apartments on July 20, 2018. Including any and all previous inspection reports, violations, notes, photographs, video involving this apartment complex for any and all buildings of the apartment complex.

*See* Exhibit A (Aug. 29, 2018 Subpoena to ATF).  The ATF did not respond to the Plaintiffs' August 29, 2018 subpoena.

15.     After the July 20, 2018 fire, the ATF, for law enforcement purposes, took charge of the investigation, collected evidence, and created a file containing the ATF's findings.  On November 30, 2018, the ATF publicly announced that the fire was intentionally set and that the deaths resulting from the fire were ruled as homicides.[1]  Publicly available information also shows that the ATF performed analysis including "building and burning two replicas of the complex to predict how the fire may have started and progressed."[2]  Information pertaining to the cause of the fire is integral to the Plaintiffs' defense of the Iconic Village Litigation, as the claims against the Plaintiffs there allege that the Plaintiffs' actions caused the injuries alleged, rather than the publicly-acknowledged arsonist or arsonists.

16.     The ATF is the only source for documents and other physical evidence regarding the ATF's conclusions that the fire was incendiary (arson) and the deaths resulting therefrom were homicides.  The ATF's conclusions directly implicate the necessary element of causation in the Iconic Village Litigation.  The claimants in the Iconic Village Litigation allege that the Plaintiffs' failure to implement fire protection measures resulted in the claimants' injuries.  The ATF, on the other hand, publicly announced that the fire was intentionally set, and the resulting deaths were homicides.  Evidence that the ATF took from the Iconic Village Fire site and created in seeking to determine the nature and origin of the fire bears directly on the Plaintiffs' defense of the Iconic Village Litigation.  The Plaintiffs cannot access this information through any other source.

---

[1]   See   https://www.kvue.com/article/news/local/investigators-plead-for-tips-one-year-after-deadly-iconic-village-apartment-fire/269-b26a1214-d038-4231-80ea-51f94e8a82c3

[2]   See  https://www.universitystar.com/news/search-continues-for-arsonist-responsible-for-iconic-village-apartments-fire/article_6ed89fc8-17cd-11ec-a511-7fbc9ff31319.html

**B.      ATF's Denial of Plaintiffs' Requests for Information and Evidence**

17.     To obtain this necessary evidence, the Plaintiffs issued a Subpoena Duces Tecum

and Deposition on Written Questions to the ATF on May 6, 2021.  In the request, Plaintiffs sought

the following information:

- reports for materials and evidence collected to analyze arson-related evidence, criminal findings, criminal analysis, criminal determinations by any an agent or representative of ATF,

- research conducted, analysis and reports for fire cause of origin and cause determination, expert testimony, videos of post-fire building, body camera videos, audio recordings, notes, recorded notes,

- correspondence and/or communications between the ATF and any and all governmental entities, including but not limited to the City of San Marcos, the City of San Marcos Legal Department, the San Marcos Fire Marshal, the Attorney General of Texas, the Attorney General of Texas Open Records Division, Occupational Safety and Health Administration (OSHA),

- 911 calls, photographs, all systematic scene examinations and scientific methods applied to determine where and how the fire started, arson investigator expert issuance of fire origin and cause determinations; violent crime investigations involving arson, expert testimonies, and

- Any/all materials relating to any audit or investigation conducted to include reports, memoranda, correspondence and/or reports pertaining to any audit, compliance reviews, violations and/or safety investigations.

*See* Exhibit B (May 6, 2021 Subpoena to ATF).

18.     On May 5, 2021, immediately before issuing the May 6, 2021 subpoena, the

Plaintiffs issued a Freedom of Information Act request to the ATF at the email address

foiamail@atf.gov.   *See* Exhibit C (May 5, 2021 FOIA Request).  The Plaintiffs' FOIA request

sought the following records regarding the Iconic Village Fire:

1. Any and all records on file from the investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), including but not limited to, reports for materials and evidence collected to analyze arson-related evidence, criminal findings, criminal analysis, criminal determinations by any an agent or representative of ATF, research conducted, analysis and reports for fire cause of origin and cause determination, expert testimony, videos of post-fire

building, body camera videos, audio recordings, notes, recorded notes, correspondence and/or communications between the ATF and any and all governmental entities, including but not limited to the City of San Marcos, the City of San Marcos Legal Department, the San Marcos Fire Marshal, the Attorney General of Texas, the Attorney General of Texas Open Records Division, Occupational Safety and Health Administration (OSHA), 911 calls, photographs, all systematic scene examinations and scientific methods applied to determine where and how the fire started, arson investigator expert issuance of fire origin and cause determinations; violent crime investigations involving arson, expert testimonies.

2.   Any/all materials relating to any audit or investigation conducted to include reports, memoranda, correspondence and/or reports pertaining to any audit, compliance reviews, violations and/or safety investigations.

Ex. C (FOIA Request).  The ATF did not respond to the Plaintiffs' May 5, 2021 FOIA request.

19.     On July 8, 2021, in response to the Plaintiffs' subpoena, the ATF filed a Motion to Quash in the Iconic Fire Litigation, without providing any responsive documents or information to the Plaintiffs.  *See* Exhibit D (ATF Motion to Quash).  The ATF Motion asserts that all information responsive to the Defendants' discovery requests is protected from disclosure because it addresses an ongoing investigation. *Id.*, pg. 3. The ATF Motion relied on affidavit testimony from ATF Agent Brian Garner who stated that the "disclosure of any information regarding the ongoing investigation, or documents related thereto, would negatively impact the ongoing investigation and the ability of the ATF to conduct said investigation." *Id.* (Exhibit B to ATF Motion).

20.     On September 9, 2021, in an effort to resolve this dispute, counsel for the Plaintiffs sent a letter to the United States Attorney for the Western District of Texas further explaining the Plaintiffs' request for information and seeking only information that would not interfere with the ATF's ongoing investigation of the Iconic Village fire. *See* Ex. E (Sept. 9., 2021 Letter). The Plaintiffs believe the ATF possesses such information because the ATF publicly disclosed the incendiary nature of the fire. *Id.* Accordingly, at least some information in the ATF's file is fit for

disclosure to the Plaintiffs without interfering with the investigation. *Id*. The Plaintiffs received no response to this correspondence.

21.     On September 28, 2021, the Travis County District Court held a hearing on the ATF's Motion to Quash in the Iconic Village Litigation.  During the hearing, the United States Attorney for the Western District of Texas, representing the ATF, maintained the ATF's refusal to provide any documents or information responsive to the Plaintiffs' subpoena and requested that the Travis County District Court grant the Motion to Quash.  The district court agreed to grant the ATF's Motion to Quash.  Accordingly, the Plaintiffs' only avenue to obtain this necessary information is through this Court's order.

22.     The ATF's continued refusal to provide any documents or materials to Plaintiffs due to its "open investigation" is arbitrary and capricious, particularly in light of the importance of the evidence to the Iconic Village Litigation and the fact that the ATF disclosed numerous aspects of its investigation to the public through a press conference and other disclosures shown in the above-referenced internet links.  Further, the Plaintiffs specifically agreed to limit their requests to information that would not compromise the integrity of the evidence and the confidentiality of the ATF's investigation, such as information reflecting facts disclosed to the public.

**REQUEST FOR DECLARATORY JUDGMENT**

23.     The allegations of paragraphs 1 through 22 of this Complaint are incorporated by reference as if fully set forth herein.

24.     Title 28 C.F.R. §§ 16.21 – 16.29 sets forth the regulations that apply to Plaintiffs' request for documents and other materials in the custody of the ATF relating to the Iconic Village Fire.

25.     Plaintiffs have complied with all of the requirements of Title 28 C.F.R. §§ 16.21 – 16.29 in making their request for documents and other materials in the custody of the ATF relating to the Iconic Village Fire.

26.     Plaintiffs have been adversely affected or aggrieved by the ATF's decision to deny them the documents and materials in the custody of the ATF relating to the Iconic Village Fire ("the ATF Decision"). The Iconic Village Litigation is currently scheduled to start in November 2021. Without immediate disclosure of the highly relevant and critical evidence in the sole possession of the ATF, Plaintiffs may be unable to adequately investigate the incident and defend themselves against the allegations levied in the Iconic Village Litigation.

27.     The ATF Decision is a final agency action for which Plaintiffs have no other remedy in a court.

28.     The ATF has failed to give even minimal consideration to Plaintiffs' request, including Plaintiffs' proposals to limit its scope to protect the integrity and confidentiality of the ATF's ongoing investigation. The ATF has provided no satisfactory explanation for its blanket denial of Plaintiffs' request.

29.     The basis relied upon by the ATF in denying all of Plaintiffs' requests for documents and materials related to the Iconic Village Fire does not support the ATF's blanket denial.  Most egregiously, the ATF refuses to produce documents or information reflecting information released to the general public—the disclosure of such information cannot negatively affect the ATF's investigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that Defendant be cited to appear and answer herein, and that, upon final hearing:

A.  The Court find that the ATF's blanket rejection of Plaintiffs' Request for documents and other materials was arbitrary, capricious, an abuse of discretion, and not in accordance with the law;

B.  The Court reverse the ATF's agency action and order the ATF to produce or make available for inspection the requested materials to Plaintiffs; and

C.  The Court award such other and further relief to which Plaintiffs may be justly entitled.

Dated: <u>October 4, 2021</u>                    Respectfully submitted,


     <u>/s/ **_Elliot Strader_**</u>
Weston M. Davis
State Bar No. 24065126
weston.davis@akerman.com
Elliot Strader
State Bar No. 24063966
elliot.strader@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:   (214) 720-4300
Facsimile:    (214) 981-9339


**HARTLINE BARGER**
Jennifer D. Akre
State Bar No. 24059950
jakre@hartlinebarger.com
1980 Post Oak Blvd #1800,
Houston, TX 77056
Telephone:   (713) 759-1990
*Counsel for Plaintiffs*